UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOYCE BARROIS, ET AL.                          CIVIL ACTION

VERSUS                                         NO: 09-380

FIREMAN'S FUND INS. CO., ET AL.                SECTION: R

## **ORDER AND REASONS**

Before the Court is defendant Fisher Scientific Company's Motion for Review of Magistrate Judge's Order (R. Doc. 157). For the following reasons, the Magistrate Judge's Order is AFFIRMED.

## **I. Background**

Plaintiffs Joyce Barrois and Clyde Barrois, Jr., are the wife and son of Clyde Barrois, Sr.[1] They bring this wrongful death and survival action against a number of defendants in connection with the death of Mr. Barrois, Sr. Plaintiffs allege that Barrois was employed by the Chevron Chemical Company at a facility in Plaquemines Parish, Louisiana, from approximately 1955 through 1991. They assert that in 2003, he was diagnosed with myelodysplastic syndrome, and he passed away from the syndrome in 2008. Defendants are Fireman's Fund Insurance

---

[1] Unless otherwise specified, "Barrois" or "Clyde Barrois" refers to the decedent, Clyde Barrois, Sr.

1

Company, an insurance provider for Chevron, as well as Fisher Scientific Company, LLC, and Baxter Healthcare Corporation, both of which distribute benzene and products containing benzene.[2]

Plaintiffs allege that, during his employment with Chevron, Barrois was exposed to benzene and products containing benzene that caused the myelodysplastic syndrome that led to his death. They assert that Fireman's Fund is liable for the actions of deceased Chevron officers who failed to provide Barrois with a safe place to work and to warn him of the dangers of benzene exposure. Plaintiffs further allege that Baxter and Fisher provided benzene that led to Barrois's death, and that they are liable for negligence and strict products liability.

The Court's March 19, 2009, Scheduling Order in this matter indicates that third-party claims "shall be filed no later than April 20, 2009." R. Doc. 27 at 2. On January 24, 2010, Fisher moved to file a third-party complaint against six other companies that allegedly sold benzene to Chevron during the relevant time period. R. Doc. 91. It argued that it received information from deposition testimony that it had not had earlier and that the proposed third-party defendants might be joint tortfeasors or liable to Fisher under "certain indemnity agreements." The Magistrate Judge held extensive briefing and oral argument and

---

[2] Univar USA, Inc., was also initially listed as a defendant, but was dismissed in December of 2009. R. Doc. 55.

eventually denied Fisher's motion. R. Doc. 123. The Magistrate Judge noted that under Rule 16 of the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The time for filing third-party complaints had passed, and Fisher had not demonstrated "good cause" for amending the Scheduling Order. Fisher appealed this decision to this Court and plaintiff filed an opposition. The Court rules as follows.

**II. Legal Standard**

*A. Review of the Magistrate Judge's Order*

Magistrate judges are empowered by the United States Code to "hear and determine" non-dispositive pretrial motions such as Fisher's motion to file a third-party complaint. 28 U.S.C. § 636(b)(1)(A).[3] If a party is dissatisfied with a magistrate

---

[3] The statute indicates that magistrate judges may rule upon "any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Motions to file third-party complaints are included in this list and are reviewed under the "clearly erroneous or contrary to law" standard. *See Martin v. Lafon Nursing Facility of the Holy Family*, No 06-5108, 2007 WL 4163678, at *2 (E.D. La. Nov. 20, 2007).

3

judge's ruling, it may appeal to the district judge, who may reconsider the ruling and reverse it "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.; see also* FED. R. CIV. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). A finding is clearly erroneous when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

*B. Third-Party Complaints*

Rule 14(a)(1) states that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." *See also S.E. Mortgage Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975). This Rule states that a defending party *may* serve a third-party complaint and is thus permissive and not mandatory. In addition, "a third-party complaint is not proper under Rule 14 if the defendant cannot show a basis for the third-party defendant's liability to the defendant (also known as the third-party plaintiff)." *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849-50 (5th Cir. 1978); *see also*. Liability of the third party must be "dependent" or "in some way derivative" of the outcome of the main claim. *See United States*

4

*v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 750-52 (5th Cir. 1967); *see also Mullins*, 514 F.2d at 749; *Sunrise Dev., Inc. v. Carl E. Woodward, Inc.*, No. 03-2273, 2004 WL 574719, at *2 (E.D. La. Mar. 22, 2004). Put another way, the third-party defendant "must necessarily be *liable over* to the defendant for all or part of the plaintiff's recovery, or . . . the defendant must attempt to *pass on* to the third party all or part of the liability asserted against the defendant." *Joe Grasso*, 380 F.2d at 751 (emphasis in original; quotation marks and internal citations omitted). This liability includes claims for indemnity, contribution, and subrogation. *Lafon Nursing*, 2007 WL 4163678, at *2.

**III. Discussion**

Fisher purports to file its third-party complaint long after the expiration of the Scheduling Order's deadline, and the Order would have to be modified to allow Fisher to file it. *See Kirkland v. Mariott Intern., Inc.*, 416 F. Supp. 2d 480, 482 (E.D. La. 2006) (filing of expert report after deadline had elapsed required modification of scheduling order under Rule 16). To determine whether a litigant has demonstrated "good cause" for modification of a scheduling order under Rule 16(b), a court will consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the

availability of a continuance to cure such prejudice." *Crystia v. Systems Eng'g & Sec., Inc.*, No. 03-2138, 2004 WL 1801326, at *16 (E.D. La. Aug. 12, 2004) (citing *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003)).

Although the Magistrate Judge's Order does not detail at length the reasons why Fisher had not demonstrated good cause for the filing of its motion, the Court finds that the Magistrate Judge properly denied Fisher's motion. First, Fisher has not provided adequate explanation for the failure to raise the issue of additional third-party defendants earlier. Fisher filed its answer to plaintiffs' complaint on March 16, 2009, and the Court's Scheduling Order makes clear that third-party claims "shall be filed no later than April 20, 2009." R. Doc. 27 at 2. Fisher did not bring its motion until January 24, 2010, which was nearly nine months after the expiration of the deadline, roughly two months before trial, and just weeks before the close of discovery.

Fisher's explanation for the delay is that it did not discover that other parties might have supplied benzene to the Chevron facility until well after the deadline for filing third-party complaints. This argument is unpersuasive. Fisher has known about the former Chevron employees since at least May of

2009.[4] These employees were not deposed until December of 2009. Although the deadline for filing third-party complaints had already passed when Fisher received the names of the employees, the Court sees no reason why Fisher delayed in deposing these witnesses until a few months before trial. Fisher has not provided sufficient reasons why it failed to investigate possible defenses until well into discovery and after certain dates in the Scheduling Order had long lapsed.

Second, the evidence that Fisher provides in support of its motion is weak. Fisher presents no concrete evidence that the third-party defendants supplied benzene to the Chevron facility. Its evidence that the third-party defendants might be liable to it consists of limited deposition testimony from former Chevron employees stating that they seemed to remember the names of different kinds of benzene used in the lab, and that some of these kinds were produced by the third-party defendants. R. Doc. 103, Ex. A-C.

Some of the deposition testimony of the former Chevron employees conflicts with the testimony of other employees. For example, Fisher seeks to add Mallinckrodt Baker, Inc., and Mallinckrodt, Inc., to this litigation as third-party defendants.

---

[4] Fisher originally argued to the Magistrate Judge that it did not find out about the former Chevron employees until September of 2009. It later acknowledged that its previous statement was mistaken, and that it had known about the employees since May of 2009. R. Doc. 169-10.

R. Doc. 91-3 at 2. Former Chevron employee Clyde Daigle testified that he was "pretty sure" that Mallinckrodt benzene was used in the lab, R. Doc. 103, Ex. A at 151, but another employee, Jared Witherup, testified that Mallinckrodt did not supply benzene to the facility. Rather, Witherup noted that Mallinckrodt "made things like acids and bases and stuff like that, hydrochloric acid, nitric acid." R. Doc. 169, Ex. 3 at 22. Furthermore, the statements made in the depositions are tepid at best. Jared Witherup, for example, only noted that the names of certain benzene distributors that Fisher seeks to implead "sound[ed] familiar." R. Doc. 103, Ex. B at 116-17.

Furthermore, Fisher notes that the third-party defendants might be liable to them under "certain indemnity agreements" it had with the proposed third-party defendants. R. Docs. 91-1 at 5, 157-1 at 3. Fisher does not provide these agreements or give any indication of their content.

This evidence provided does not demonstrate good cause to allow Fisher to file a third-party complaint nearly nine months after the deadline imposed by the Scheduling Order. The testimony is not of sufficient clarity or significance to convince the Court that there is good cause to amend its Scheduling Order, allow additional discovery with respect to numerous third-party defendants, and delay the trial of this matter for a considerable period of time.

Third, this litigation is extremely complicated as is.  A court may deny a motion to file a third-party complaint on the grounds that such a procedure would unduly complicate the litigation.  6 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1443 ("Sufficient prejudice to warrant denial of impleader may be present when bringing in a third party will introduce unrelated issues and unduly complicate the original suit.").  The present state of this suit is sufficiently complicated that the parties have filed an enormous number of motions for summary judgment and motions *in limine*.  If the presence of three defendants introduces a level of complexity that requires a deluge of dispositive motions, the addition of six third-party defendants has the potential to make this case completely unmanageable.  Adding these third-party defendants would transform this litigation into a tangled and unmanageable knot of parties, relationships, and legal issues.  This consequence should be avoided.

Finally, even though Fisher claims that denial of its third-party complaint would deprive it of its right to claim indemnity or contribution against third parties, it has provided absolutely no reason why this might be true.  Fisher has not pointed to any reasons why such actions could not be brought in a separate suit, and it has not demonstrated any prejudice that might result from not being able to bring its claims in this litigation.

In addition to holding that Fisher had not shown good cause for its motion, the Magistrate Judge also noted that the taking of additional discovery and the addition of third-party defendants "is essentially a case management issue" and that he was reluctant to "jeopardize the fixed dates in the District Court's Scheduling Order." R. Doc. 123 at 1-2. Although the Court's Scheduling Order may be altered for good cause, Fisher has not demonstrated good cause for the filing of its third-party complaint, and the Magistrate Judge correctly denied the motion.

**IV. Conclusion**

The Court finds no error with the Order of the Magistrate Judge and it is consequently AFFIRMED.

New Orleans, Louisiana, this ___9th___ day of March, 2010.

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**