UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOYCE N. BARROIS, ET AL. | CIVIL ACTION |
| VERSUS | NO. 09-380 |
| FIREMAN'S FUND INSURANCE COMPANY, ET AL. | SECTION "R" (3) |

# ORDER

Before the Court is Plaintiffs' Motion to Quash Subpoena [Doc. #207]. On February 26, 2010, this Court conducted a hearing regarding Plaintiffs' Motion to Quash Subpoena [Doc. #180]. Present at that hearing were L. Eric Williams, Jr., Richard Fernandez and Amber Cisney on behalf of plaintiffs, Michael Philippi and Jill Taylor on behalf of defendant Baxter Healthcare Corporation, Michael McGlone, Brett Fenasci and Ross Asher on behalf of defendant Fisher Scientific Company and Jennifer Kilpatrick on behalf of defendant Fireman's Fund Insurance Company.

Pursuant to the hearing and for the reasons set forth on the record, the Court granted Plaintiffs' Motion to Quash Subpoena [Doc. #180]. Specifically, the Court granted the motion to quash because defendants sought discovery through a discovery subpoena (Form AO 88A) well past the discovery deadline in the District Court's Scheduling order of February 16, 2010. The Court found that defendants had failed to demonstrate "good cause" to modify the dates in the Scheduling Order. *See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). Trial is currently scheduled on March 29, 2010.

Now, defendant Fisher Scientific Company ("Fisher") seeks the same documents and medical samples through a second discovery subpoena (Form AO 88B). Again, this Court will grant plaintiff's motion to quash the subpoena. Trial is now less than 20 days away, and Fisher again seeks discovery documents and information well past the discovery deadline via a *discovery* subpoena. Given that defendants – including Fisher – failed to demonstrate "good cause" the last time that this court heard such a motion, the Court finds that no "good cause" exists now to modify the Scheduling Order. Fisher could have obtained – or simply sought – the evidence that it now seeks a long time ago. This Court will not jeopardize the March 29, 2010 trial date and allow the discovery process to re-open. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Quash Subpoena [Doc. #207] is GRANTED.

**IT IS FURTHER ORDERED** that the Motion for Expedited Hearing on Plaintiffs' Motion to Quash Subpoena [Doc. #209] is DISMISSED AS MOOT.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**